IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHRISTOPHER WILLIAMS**,

    Petitioner,

v.

**MARK NOOTH,**

    Respondent.

No. 2:13-cv-02283-JE

OPINION AND ORDER

**MOSMAN, J.**,

On August 31, 2015, Magistrate Judge John Jelderks issued his Findings and Recommendation ("F&R") [44], recommending that Christopher Williams's petition for habeas corpus [2] should be DENIED and that a certificate of appealability should be DENIED. Petitioner Mr. Williams's objected [46] and Mark Nooth responded [47]. I ADOPT the F&R in part. I agree that Mr. Williams's Petition for Writ of Habeas Corpus should be DENIED. However, I issue a Certificate of Appealability under 28 U.S.C. §2253(c).

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

United States Code Title 28 Section 2253 provides that a final order in a habeas corpus proceeding may not be appealed unless a judge or a Circuit Court justice issues a certificate of appealability. § 2253(c)(1)(A). Under § 2253, a certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court expounded on what it means to make "a substantial showing of the denial of a constitutional right." The Court stated that "[t]o obtain a [certificate of appealability] under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 483–84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ("summing up" the "substantial showing" standard)).

## DISCUSSION

Whether Mr. Williams's constitutional due process rights were violated depends on whether a "reasonable judge would be expected to have a *bona fide* doubt as to the defendant's competence." *Clark v. Arnold*, 769 F.3d 711, 729 (9th Cir. 2014). I believe that the record provides enough evidence to create such a doubt.

2 – OPINION AND ORDER

Dr. Frank Colistro determined that Mr. Williams suffered from a psychotic disorder and was not capable of assisting and coopering with his attorney; however, he also noted that Mr. Williams's behavior "might be indicative of malingering." (Respondent's Ex. 122 at 2.) A second doctor, Dr. Keith Linn, attempted to determine whether Mr. Williams was indeed malingering but was unable to do so because Mr. Williams ended the evaluation before Dr. Linn could make a determination on the malingering issue. (*Id.* at 3-4.) However, Dr. Linn did determine that Mr. Williams was either "unable or unwilling to participate in his legal defense." (*Id.*) In the months leading up to trial, four different state judges determined that Mr. Williams was competent. On the morning of trial, however, Mr. Williams informed the trial court that he was hearing voices and complained of a headache. (Trial Transcript, 23, 25, 27.) After trial and prior to sentencing, trial counsel informed the court that Mr. Williams wished to discharge him and asked the court to allow him to withdraw as counsel, which the court permitted. (*Id.* at 371.) During the sentencing proceeding, Mr. Williams made a number of odd statements and inquiries, including asking whether he would be receiving the death penalty; asking if he was going to federal prison as well as state prison; indicating that he thought the judge had been representing him; and not appearing to realize when he had been sentenced. (*Id.* at 373-409.) The court then allowed Mr. Williams to enter a plea wherein he stipulated to a sentence of 140 months in prison. (*Id.* at 401, 403.)

I believe that Judge Jelderks reached the correct conclusion in determining that, based on the record, Mr. Williams was competent when he entered into his plea. However, I recognize that other reasonable jurists could "have a *bona fide* doubt as to the defendant's competence." *Clark*, 769 F.3d at 729. Therefore, I have determined that issuing a Certificate of Appealability is appropriate in this case.

## CONCLUSION

For the reasons discussed above, I ADOPT the F&R [44] in part. It is ORDERED AND ADJUDGED that Mr. Williams's Petition for Writ of Habeas Corpus [2] is DENIED and is thus DISMISSED. However, I issue a Certificate of Appealability under §2253(c).

IT IS SO ORDERED.

DATED this __16th__ day of October, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge